IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL DALE ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 12-CV-0390-CVE-PJC |
| ) | |
| DAVID PARKER, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 12). Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 14) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition is timely filed and Respondent's motion to dismiss shall be denied.

### *BACKGROUND*

Petitioner challenges his convictions entered in Mayes County District Court, Case No. CF-2008-218. See Dkt. # 1. The record reflects that, on April 12, 2010, the state district judge found Petitioner guilty after accepting his pleas of no contest to two counts of Lewd Molestation, and one count each of Sodomy, Rape by Instrumentation, and Enabling Child Sexual Abuse. See Dkt. # 13, Ex. 1. He was sentenced that day to a total term of imprisonment of twenty-five (25) years. Id. On April 22, 2010, Petitioner filed a timely motion to withdraw pleas of no contest. Id., Ex. 2. On May 19, 2010, the trial judge held a hearing on Petitioner's application to withdraw pleas. See Dkt. # 13, Ex. 4 at 4, ¶ 15. At that hearing, Petitioner advised the trial judge that he no longer wanted to

withdraw his pleas. Id. The court minute, dated May 19, 2010, and filed of record on May 20, 2010, stated that the trial judge granted Petitioner's motion to withdraw his motion to withdraw pleas. Id. at 5, ¶ 19. After being allowed to withdraw his motion to withdraw pleas, Petitioner did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals (OCCA).

On March 31, 2011, Petitioner filed an application for post-conviction relief. See Dkt. # 13, Ex. 3. The state district court denied the application by order filed February 17, 2012. Id., Ex. 4. Petitioner did not commence a timely post-conviction appeal.

On April 9, 2012, Petitioner filed a "request to file notice of intent to appeal late" (Dkt. # 13, Ex. 5) in the state district court. By order filed May 29, 2012, the trial judge denied the request. Id., Ex. 6. Petitioner did not perfect a post-conviction appeal from the denial of his request to file a post-conviction appeal out of time.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) on July 12, 2012. In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 12, 13.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

2

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Respondent argues that, under § 2244(d)(1)(A), the one-year limitations period began to run on May 20, 2010. Respondent concedes that Petitioner is entitled to tolling under § 2244(d)(2) for the time the applications for post-conviction relief were pending in state court. However, Respondent contends that the federal petition for writ of habeas corpus, filed on July 12, 2012, is untimely and must be dismissed.

The Court disagrees with Respondent and finds that the petition was timely filed. Because more than ten (10) days had passed since pronouncement of the Judgment and Sentence on April 12, 2010, Petitioner's conviction became final on May 19, 2010, when the trial judge granted Petitioner's request to withdraw his motion to withdraw his nolo pleas entered in Mayes County District Court, Case No. CF-2008-218. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions began to run on May 20, 2010. See Harris v. Dinwiddie, 642 F.3d 902,

907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after May 20, 2011, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was filed on July 12, 2012. Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

On March 31, 2011, or with 50 days remaining in his limitations period, Petitioner filed an application for post-conviction relief. The state district court denied the application on February 17, 2012. Although Petitioner did not file a timely notice of post-conviction appeal in the state district court, he is entitled to tolling for the thirty (30) days after entry of the state district court's order when he could have filed a timely post-conviction appeal. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought a timely appeal under state law). Petitioner's deadline for filing a timely post-conviction appeal was Monday, March 19, 2012. Thus, he is entitled to tolling of the limitations period from March 31, 2011, when he filed his application in state district court, through March 19, 2012. At that point in time, his limitations clock again began to run and Petitioner had to file his habeas corpus petition within the 50 days remaining in his one-year limitations period, or on or before May 8, 2012.

In addition, because Petitioner's request for a late appeal was the functional equivalent of a second application for post-conviction relief requesting a post-conviction appeal out of time, see e.g. Branch v. Howard, 455 Fed. Appx. 848, 850 (10th Cir. 2012)[1] (quoting OCCA's instruction that "to appeal [out of time] the District Court's order denying [petitioner] post-conviction relief, the

---

[1] Unpublished opinion cited for persuasive value. See 10th Cir. R. 32.1(A).

proper procedure is to file an application in the District Court requesting a post-conviction appeal out of time"), Petitioner's limitations clock again stopped running, on April 9, 2012, when Petitioner filed his request for a late appeal. As of that date, 29 days remained in his one year period. The state district court denied the request for a late post-conviction appeal on May 29, 2012. Although Petitioner did not appeal the denial of his request for a late post-conviction appeal, he is entitled to tolling for the thirty (30) days after entry of the state district court's order when he could have filed a timely post-conviction appeal. Gibson, 232 F.3d at 804. Petitioner's deadline for filing a timely post-conviction appeal was June 28, 2012. Thus, as argued by Petitioner in his response to the motion to dismiss, see Dkt. # 14, Petitioner is entitled to tolling of the limitations period from April 9, 2012, when he filed his request for a late appeal, through June 28, 2012. At that point in time, his limitations clock began to run again. He had to file his habeas petition within the 29 days remaining in his limitations period, or on or before July 27, 2012. Petitioner timely filed his petition on July 12, 2012, or fifteen (15) days before the deadline.

Because the petition was timely filed, Respondent's motion to dismiss this petition as time-barred shall be denied. Respondent shall respond to the petition.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as barred by the statute of limitations (Dkt. # 12) is **denied**.

2. Respondent shall file a **response** to the petition (Dkt. # 1) within thirty (30) days of the entry of this Order.

3. Petitioner may file a **reply** within thirty (30) days after the filing of Respondent's response.

**DATED** this 2nd day of May, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE