## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

DANIEL DALE ALLEN,       )
                                   )
           Petitioner,       )
                                   )
v.                           )      **Case No. 12-CV-0390-CVE-PJC**
                                   )
JASON BRYANT,[1] Warden,  )
                                   )
           Respondent.     )

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, Daniel Dale Allen, a state prisoner appearing pro se. Respondent first filed a motion to dismiss the petition as time barred (Dkt. # 12). This Court found that the petition was timely filed and denied the motion to dismiss (Dkt. # 15). Respondent then filed a response to the petition (Dkt. # 16), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 16-1, 16-2, 16-3, 16-4, 16-5, 16-6). Petitioner filed a reply (Dkt. # 17). For the reasons discussed below, the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

Petitioner was charged, by Information filed in Mayes County District Court, Case No. CF-2008-218, with two counts of Lewd Molestation (Counts 1 and 2), one count of Rape by Instrumentation (Count 3), one count of Sodomy (Count 4), and one count of Enabling Child Sexual Abuse (Count 5). (Dkt. # 1 at 1). On April 12, 2010, after reaching a plea agreement with the State

---

[1] Petitioner is currently incarcerated at the James Crabtree Correctional Center. The proper party respondent is the current warden of the facility, Jason Bryant. Therefore, pursuant to Rule 2(a), Rules Governing Section 2254 Cases, and Rule 25(d)(1), Federal Rules of Civil Procedure, Jason Bryant is hereby substituted as the respondent in this case. The Court Clerk shall be directed to note such substitution on the record.

of Oklahoma, Petitioner entered pleas of no contest to the Information. (Dkt. # 16-1). The trial judge accepted Petitioner's pleas, found him guilty, and sentenced him to twenty-five (25) years imprisonment on Counts 1-3 and 5, and twenty (20) years imprisonment on Count 4, all to run concurrently in accordance with the plea agreement. See id. at 4 ¶ 23. Attorney Linda Branstetter represented Petitioner during plea proceedings. Id. at 1 ¶ 2.

On April 22, 2010, represented by Branstetter, Petitioner filed a timely motion to withdraw his pleas of no contest. See Dkt. # 16-2. The trial judge held a hearing on Petitioner's application to withdraw his pleas. See Dkt. # 16-4 at 4 ¶ 15. At that hearing, Petitioner advised the trial judge that he no longer wanted to withdraw his pleas. Id. The trial judge granted Petitioner's motion to withdraw his application to withdraw his pleas. Id. at 5 ¶ 19. After being allowed to withdraw his motion to withdraw his pleas, Petitioner did not otherwise perfect a certiorari appeal to Oklahoma's highest court for criminal matters, the Oklahoma Court of Criminal Appeals (OCCA).

On March 31, 2011, Petitioner filed an application for post-conviction relief. (Dkt. # 16-3). Petitioner raised three (3) propositions of error. See id. On February 17, 2012, the trial court denied the application. (Dkt. # 16-4). Petitioner did not file a timely post-conviction appeal to the OCCA.

On April 9, 2012, Petitioner filed a "request to file notice of intent to appeal late" in the state district court. (Dkt. # 16-5). By order filed May 29, 2012, the district court denied the request. (Dkt. # 16-6). Petitioner did not perfect an appeal from the district court's ruling.

On November 4, 2014, subsequent to filing his petition for writ of habeas corpus, Petitioner filed a second application for post-conviction relief. See Docket Sheet, On Demand Court Records, www1.odcr.com. On January 20, 2015, the trial court denied the application. Id. Petitioner did not perfect a post-conviction appeal to the OCCA. Id.

On July 12, 2012, Petitioner commenced this federal action by filing his petition for writ of habeas corpus (Dkt. # 1). Petitioner raises three (3) grounds of error:

Ground I: Petitioner Prose's [sic] plea was the result of unconstitutional coercion violating prose's [sic] right to due process as guarenteed by the Fifth (5th) and (11th) Eleventh ammendments [sic] of the United States Constitution and article 20 of the State of Oklahoma's constitution.

Ground II: Petitioner Prose's [sic] conviction on the basis of Nolo Contendre [sic] pleas that was obtained without Petitioner's knowledge and appreciation of its consequences thereby violating Petitioner's Due Process rights guaranteed by the Fifth (5) and the Eleventh (11) amendments to the United States Constitution and article 20 of the State of Oklahoma's Constitution.

Ground III: Petitioner Prose [sic] was convicted on the basis of Nolo Contendre [sic] plea that was obtained by the State respondent that was a product of ineffective assistance of counsel. This violated Petitioner's due process rights to right of counsel under the Fifth, Sixth, and Eleventh ammendments [sic] of the United States Constitution and article 20 of the Oklahoma state Constitution.

(Dkt. # 1 at 19-22).

In response to the petition, Respondent argues "Petitioner's claims are unexhausted and would be procedurally barred if Petitioner returned to state court as Petitioner has repeatedly failed to follow proper state procedure to have his claims heard by the highest state court." (Dkt. # 16 at 2).

## *ANALYSIS*

### A. **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner has not presented any of his habeas claims to the OCCA. However, in light of the procedural posture

of Petitioner's case, the Court finds an absence of available state corrective process for Petitioner's claims, see 28 U.S.C. § 2254(b)(1)(B), and his claims are not barred by the exhaustion requirement. Nonetheless, as discussed in Part B below, habeas corpus relief on Petitioner's claims is denied as procedurally barred.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Procedural Bar (Grounds I-III)**

Petitioner raised Grounds I-III in his first application for post-conviction relief. See Dkt. # 16-3 at 3-5. As noted above, Petitioner did not appeal the trial court's denial of his application. Therefore, these claims have not been presented to the OCCA. Respondent argues that Petitioner's claims are unexhausted, and if Petitioner were to return to state court to exhaust his claims, "[t]he State court would clearly procedurally bar Petitioner from any relief." (Dkt. # 16 at 5). In addition, Respondent asserts Petitioner has failed to show cause and prejudice for the default, or that a fundamental miscarriage of justice will result from the application of a procedural bar. Id. at 5-6.

The Court finds Petitioner's claims are procedurally barred from habeas review. "Failure to present issues to a state's highest court will invoke procedural bar." Sena v. New Mexico State Prison, 109 F.3d 652, 654 (10th Cir. 1997) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). An "'anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Anderson v. Sirmons, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)). If Petitioner were to return to state court to raise these claims in another application for post-conviction relief, the claims

would be procedurally barred. "[I]t has been stated clearly that [OKLA. STAT. tit. 22, § 1086] 'strictly' prohibits raising issues that could have been raised before, even issues involving fundamental, constitutional rights." Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993) (citing Johnson v. State, 823 P.2d 370, 372 (Okla. Crim. App. 1991)); see also Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998) (holding OKLA. STAT. tit. 22, § 1086 is "an 'adequate' basis" for dismissing an ineffective assistance of counsel claim raised for the first time in a second post-conviction application as procedurally barred). Therefore, independent and adequate state procedural grounds precludes federal review of these habeas claims.

Because of the procedural default of Petitioner's claims in state court, this Court may not consider the claims unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. "Cause" must be "something *external* to the petitioner, something that cannot fairly be attributed to him . . . ." Id. at 753. Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. See Murray v. Carrier, 477 U.S. 478, 488 (1986). As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The "fundamental miscarriage of justice exception" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991); see also Steele, 11 F.3d at 1522. "Pro se litigants do not enjoy a more lenient standard," Frye v. Raemisch, 546 F. App'x 777, 785 (10th Cir. 2013) (unpublished)[2] (citing Andrews v. Deland, 943 F.2d 1162, 1189 n.41 (10th Cir. 1991)), and a petitioner's status as a pro se prisoner

---

[2]        This and other unpublished court decisions herein are not precedential but are cited as persuasive authority, pursuant to Tenth Circuit Rule 32.1.

does not constitute "cause" for the procedural default. Steele, 11 F.3d at 1522 (citing Rodriguez v. Maynard, 948 F.3d 684, 687-88 (10th Cir. 1991)).

In his reply Petitioner asserts he "do[es] not understand [the] law," and he has "to depend on inmate jailhouse attorneys." (Dkt. # 17). The only other reference in the record to a possible "cause" is in the "request to file notice of intent to appeal late" Petitioner filed in state court. See Dkt. # 16-5. In that motion, Petitioner argues he "was not aware of time limitations," and was "undergoing treatment for dementia and [ ] receiving phsycotropical [sic] medications for other disorders." Id. at 1. These medications, Petitioner argues, "interfere[d] with his ability to function in a normal manner and [ ] disrupt[ed] [ ] his memory." Id.

The Court finds Petitioner has failed to show "cause" for his state default. First, Petitioner's status as a pro se prisoner, and his lack of knowledge relating to the law, do not constitute "cause" for his state default. See Steele, 11 F.3d at 1522; see also Coleman, 501 U.S. at 753 ("'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him."). Second, Petitioner's alleged memory issues do not constitute "cause" for his state default. Petitioner provides no evidence that, during the thirty (30) day time period after the denial of Petitioner's first post-conviction application, the alleged treatment or medications hindered his attempts to perfect an appeal to the OCCA. In addition, Petitioner's alleged medical issues did not prevent him from filing several other motions and letters with the state district court. Therefore, after careful review, the Court finds Petitioner has not shown "cause" for his state default. Petitioner has failed to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). See also Harris v. McAdory, 334 F.3d 665,

669 (7th Cir. 2003) (mental illness is not an "external" impediment constituting "cause"); Ervin v. Delo, 194 F.3d 908, 915 (8th Cir. 1999) (for mental illness to constitute "cause," a petitioner "must make a conclusive showing that he or she was incompetent at the time of the postconviction proceedings").

Petitioner has also failed to demonstrate that federal habeas review is required under the fundamental miscarriage of justice exception. "[T]he fundamental miscarriage of justice exception is an 'extremely narrow exception, implicated only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (quoting Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993) (internal quotation marks omitted)). To establish a fundamental miscarriage of justice, a petitioner "must support his allegations of innocence with 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" Cole v. New Mexico, 58 F. App'x 825, 830 (10th Cir. 2003) (unpublished) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). Petitioner has failed to make this showing. While Petitioner asserts he is "actually innocent," see Dkt. # 17 at 1, he provides no new evidence to support this allegation. Therefore, Petitioner does not fall within the narrow "fundamental miscarriage of justice" exception.

Accordingly, because Petitioner has not demonstrated "cause" for his state default, or that a "fundamental miscarriage of justice" will result if his defaulted claims are not considered, the Court concludes Grounds I-III are procedurally barred from federal habeas review. See Coleman, 501 U.S. at 750. For that reason, Petitioner's request for habeas corpus relief shall be denied.

**C.     Certificate of Appealability**

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Petitioner has failed to satisfy the second prong of the showing required when claims are denied on a procedural basis, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  The Court Clerk shall note on the record the substitution of Jason Bryant, Warden, in place of David Parker, Warden, as party respondent.

2.  The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3.  A separate judgment in favor of Respondent shall be entered in this matter.

4.  A certificate of appealability is **denied**.

**DATED** this 31st day of March, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE